IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>RENASANT BANK and<br>CAMERAN R. BIRKHOLZ,<br><br>        Defendants. | No. _____ |

## COMPLAINT

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its undersigned attorneys, hereby files this civil action Complaint, and in support hereof avers as follows:

1. This is an action to rescind life insurance policies pursuant to Tenn. Code Ann. § 56-7-103, or, in the alternative, for a declaratory judgment that insurance coverage under the policies never became effective because the policies are void for material misrepresentations.

2. In or around May 2014, MassMutual issued two life insurance policies with aggregate face amounts in the amount of $750,000 (Policy Nos. 23821226 and 22301000) (the "Policies") on the life of William M. Birkholz ("Birkholz").

3. On May 26, 2016, Birkholz passed away.

4. MassMutual thereafter discovered material misrepresentations in Birkholz's applications for the Policies. For example, despite receiving care for severe chest pain and lipomas within ten years prior to the application and undergoing several surgeries for the

1277952v2

Case 3:17-cv-00210-TAV-HBG   Document 1   Filed 05/11/17   Page 1 of 9   PageID #: 1

removal of forty-three lipomas within three years prior to the application, Birkholz denied that he was treated for such chest pain, tumors, or that he underwent any surgical procedures.

5. MassMutual seeks to rescind the Policies, or in the alternative, a declaratory judgment as to its rights and its obligations under the Policies, if any.

## PARTIES

6. MassMutual is a life insurance company incorporated in Massachusetts, with its principal place of business in Massachusetts. MassMutual is a citizen of the State of Massachusetts.

7. Renasant Bank, the Collateral Assignee and Primary Beneficiary of the Policies now claiming $500,000, is a banking institution organized and existing under the laws of Mississippi, with its principal place of business in Mississippi. Renasant Bank is a citizen of the State of Mississippi.

8. Cameran R. Birkholz, the Secondary Beneficiary of the Policies now claiming $250,000, upon information and belief resides in Lenoir City, Tennessee. Ms. Birkholz is a citizen of Tennessee.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between MassMutual and Defendants.

10. The venue for this action is properly placed in the Eastern District of Tennessee under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND
### Issuance of the Policies

11. On or about May 23, 2014, MassMutual received an application for insurance seeking $750,000 in coverage on Birkholz's life. *See* Exhibit A (true and correct copy of application).

12. Birkholz signed the application in Townsend, Tennessee. *Id.* at p. 8.

13. On the application, MassMutual asked a series of questions to evaluate whether Birkholz was qualified for life insurance and the appropriate terms of coverage in the event of issuance. In particular, MassMutual asked whether Birkholz:

    (a)    was "[u]nder treatment by a member of the medical profession or taking any prescription medications[.]" *Id.* at p. 10.

    (b)    had, within the past ten years, "been diagnosed, treated, tested positive for, or been given medical advice by a member of the medical profession for . . . chest pain[.]" *Id.*

    (c)    had, within the past ten years, "been diagnosed, treated, tested positive for, or been given medical advice by a member of the medical profession for . . . [a] tumor or cancer including skin cancer, melanoma[.]" *Id.*

    (d)    had, within the past ten years, "been diagnosed, treated, tested positive for, or been given medical advice by a member of the medical profession for . . . [d]epression, anxiety, nervousness, stress[.]" *Id.*

    (e)    had, within the past ten years, "been diagnosed, treated, tested positive for, or been given medical advice by a member of the medical profession for . . . [a] disorder or impairment of the . . . nerves[.]" *Id.*

(f) had, within the past three years, "surgery or been a patient in a hospital, clinic or other medical or mental health facility[.]" *Id.*

14. Birkholz answered "no" to each of these questions. *Id.*

15. MassMutual also asked whether Birkholz:

(a) had, within the past three years, "a physical exam, check-up or evaluation by a member of the medical profession[.]" *Id.*

(b) had, within the past three years, "an injury treated by a health professional or medical facility[.]" *Id.*

(c) had, within the past three years, "an electrocardiogram, x-ray, blood test or other diagnostic test[.]" *Id.*

16. MassMutual requested additional information in the event the responses to the questions identified in Paragraph 15 and their respective subparts were answered affirmatively. *Id.* at 11.

17. Birkholz answered "yes" to each of those questions but did not accurately describe his affirmative answers as requested. Birkholz provided information that was inaccurate and/or incomplete. Birkholz did not describe or otherwise identify his true health and medical condition.

18. Birkholz signed the application materials and affirmed that his statements and answers on the application were "true, complete and correctly recorded to the best of [his] knowledge and belief. These statements and answers in the application are the basis for any [p]olicy issued by MassMutual and no information will be considered to have been given to MassMutual unless it is stated in the application." *Id.* Birkholz also agreed to "adopt all statements made in the application and agree[d] to be bound by them." *Id.*

1277952v2

4

Case 3:17-cv-00210-TAV-HBG   Document 1   Filed 05/11/17   Page 4 of 9   PageID #: 4

19. During the application process, MassMutual received a Beneficiary Designation Form, which designated Renasant Bank as the Primary Beneficiary of $500,000, and Cameran R. Birkholz as the Secondary Beneficiary of $250,000. *See* Exhibit B (true and correct copy of Beneficiary Designation Form).

20. Relying upon these representations and other information submitted to MassMutual during the application process, MassMutual issued Policy No. 23821226 on June 17, 2014, with a total face amount of $750,000. *See* Exhibit C (true and correct copy of Policy No. 23821226).

21. On September 2, 2015, MassMutual received an application to partially convert $76,883 of Policy No. 23821226.

22. On November 11, 2015, Policy No. 23821226 was partially converted, and Policy No. 22301000 was issued. *See* Exhibit D (true and correct copy of Policy No. 22301000).

23. On May 26, 2016, Birkholz passed away.

24. Because Birkholz died within two years of the issuance of the Policies, MassMutual conducted a routine investigation to determine the extent of its liability, if any.

25. During its investigation and unbeknownst to MassMutual when the Policies were issued, the responses to the questions identified above (in Paragraphs 13 and 15 and their subparts) were false and/or inaccurate.

26. For example:

(a) In June 2012, Birkholz had twenty-three lipomas surgically removed, and in October 2012 Birkholz had another twenty lipomas surgically removed.

(b) In May 2014, Birkholz was receiving regular treatment for anxiety and stress and was prescribed a collection of medicines related to those issues.

(c) In October 2013, Birkholz was treated in a hospital emergency room and received follow-up treatment for chest pain.

(d) Birkholz suffered from Guillain-Barré syndrome, which is a disease that affects the nervous system.

27. Upon information and belief, Birkholz may have made additional misrepresentations in his applications that will be revealed in discovery.

28. Had Birkholz provided truthful information, MassMutual would have (1) not issued the Policies; (2) delayed the issuance of the Polices pending further evaluation; and/or (3) issued the Policies at a different rate.

## COUNT I
## RESCISSION

29. MassMutual incorporates each of the paragraphs above as if set forth herein at length.

30. In light of Birkholz's surgical procedures removing forty-three lipomas, ongoing treatment for anxiety and stress, use of prescription medications, emergency room visit and follow-up treatment for chest pain, and diagnosis of Guillain-Barré syndrome, the application for the Policies contained false and/or inaccurate representations concerning Birkholz's health and medical condition.

31. The information Birkholz failed to disclose was necessary for an evaluation of Birkholz's insurability. Had MassMutual known the true facts concerning Birkholz's health and medical condition, it would have: (1) not issued the Policies; (2) delayed the issuance of the Polices pending further evaluation; and/or (3) issued the Policies at a different rate.

32. Birkholz's false representations increased MassMutual's risk of loss undertaken by the issuance of the Policies.

33. MassMutual, therefore, is entitled, pursuant to Tenn. Code Ann. § 56-7-103, to rescission of the Policies.

34. In the alternative, as of May 24, 2014, Birkholz had two surgical procedures removing forty-three lipomas, was being treated for anxiety and stress, was using prescription medications, had visited the emergency room and received follow-up treatment for chest pain, and was diagnosed with Guillain-Barré syndrome.

35. Yet Birkholz affirmed that the answers in the May 24, 2014 application were true and complete.

36. Birkholz willfully and knowingly misrepresented to MassMutual his true health and medical condition.

37. Thus, Birkholz's false representations in the May 24, 2014 application were made with the intent to deceive MassMutual.

38. MassMutual, therefore, is entitled, pursuant to Tenn. Code Ann. § 56-7-103, to rescission of the Policies upon return of the premiums paid therefor.

39. After the Complaint has been served, MassMutual will file a Motion for Deposit and tender to this Court the sum of $1,640.32, representing the premiums paid for the Policies.

## COUNT II
## DECLARATORY JUDGMENT
## POLICY VOID

40. MassMutual incorporates each of the paragraphs above as if set forth herein at length.

41. In the alternative, MassMutual seeks a determination of its rights and obligations under the Policies.

42. Under the terms of the Policies, MassMutual may contest the validity of the Policies for material misrepresentations.

43. Birkholz's application for the Policies contained material misrepresentations. This included two surgical procedures removing forty-three lipomas, treatment for anxiety and stress, use of prescription medications, an emergency room visit and follow-up treatment for chest pain, and a diagnosis of Guillain-Barré syndrome.

44. MassMutual relied on the information Birkholz provided in the application for the Policies.

45. The information Birkholz provided was material to MassMutual's decision to issue the Policies.

46. Had MassMutual known the truth, it would have either: (1) not issued the Policies; (2) delayed the issuance of the Polices pending further evaluation; and/or (3) issued the Policies at a different rate.

47. As a result of Birkholz's misrepresentations, MassMutual is entitled to a judicial declaration that the Policies are void.

## RELIEF REQUESTED

**WHEREFORE,** MassMutual respectfully requests the entry of an order by this Court as follows:

A. Accept in to the registry of the Court pursuant to the Motion for Deposit, the sum of $1,640.32, representing the premiums paid for the Policies;

B. Issue an Order rescinding the Policies;

C. Render a Declaratory Judgment that no insurance under the Policies ever took effect and the Policies are void; and

D. Award MassMutual such other and further relief as this Court may deem appropriate.

**RESPECTFULLY SUBMITTED** this the 11th day of May, 2017.

/s/ *Allison S. Jackson*
Allison S. Jackson, BPR # 029230
Melissa B. Carrasco, BPR # 029094
EGERTON, MCAFEE, ARMISTEAD
   & DAVIS, P.C.
900 S. Gay Street
14th Floor
Knoxville, TN 37902
Phone: (865) 546-0500
Fax: (865) 525-5293
E-mail: ajackson@emlaw.com
      mbc@emlaw.com
*Attorneys for Plaintiff*

*Of Counsel*

Katherine L. Villanueva (*pro hac vice* to be requested)
Daniel B. Rotko (*pro hac vice* to be requested)
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757